Wardlaw J.
delivered the opinion of the Court.
Evidence of the plaintiff’s general character was no doubt intended to show that he was incapable of having first appropriated a portion defendant’s lumber dishonestly, and then rendered a false account of sales; and the evidence tendered towards this purpose, if it could have laid bare the beart of the plaintiff, and ascertained really the strength of his moral principles, it would have been highly influential. But examinations in Court into general character, according to reputation, usually distinguish only between the two classes, the good and the bad, without nice discrimination between the *376 infinite degrees and varieties which exist of either class; of most persons, there is really no general reputation as to character, and of some the general reputation is widely different from the truth, which a full knowledge of their motives, principles and habits, would disclose: sometimes upon trials, the good are overthrown by unexpected assault, and often the bad are burnished and strengthened by the ready testimony which their influence procures in their favor, whilst many of their neighbors, who think ill of them, shrink from being examined, or being examined, cannot say that the suspicions which they entertain, and which they feel rather than know that others also entertain, have been uttered so as to constitute a bad reputation: in investigations concerning character, feeling and prejudice are more, frequently exhibited than in inquiries upon any other subject: the number of witnesses is often extended far beyond the limit, which, upon other topics, the Court would indulge; and if there be contrariety of opinion, the matter usually is left at last in great uncertainty. These considerations suggest the propriety of adhering closely to the rules which have been established to regulate the admission of the evidence of reputation concerning general character. If, in every case where an act of dishonesty is imputed, the imputation may be met by such evidence, then there are few cases into which such e vidence might not be introduced; trials would be insupportably tedious, and the result of a trial would as often depend upon the popularity of a party, as upon the merits of his case. It has been held in New York, that whenever in an action of tort, a defendant is directly charged with fraud, and the charge sustained by evidence of circumstances only, his good character may be shown to repel the charge; Rúen v. Perry, 3 Caine, 120, approved and qualified in 6 Cowen, 673; 2 Cow. Ph., 456. This decision serves for authority to rest cases upon, when to rebut the imputation of fraud in the execution of a will, the good character of deceased subscribing witnesses has been shown; (3 Esp. R., 284, 4 Id., 50; 1 Green. Ev., sec. 54, 55.) Whether the authority sustains the decision, whether the decision shall be here approved, and if so what particular cases fall within it, it is needless now to inquire. *377 In the case before us, neither the original count nor the discount is an. action of tort, whereby fraud was directly charged upon a party. It is plain, that in civil cases, where the nature of the action itself does not involve the general character of a party, evidence as to that character cannot be offered to contradict an imputation of dishonesty, or even of fraud. The transaction presented in an ordinary civil case, must depend upon its circumstances, and not upon the character of the parties. In such a case, no matter how serious amoral delinquency may be involved in a fact, and how much the establishment of that fact may affect a party’s reputation, he cannot invoke the aid of his previous reputation to disprove the fact. Thus, where in ejectment the title depended upon the question, whether a party had committed a fraud in procuring a will, he was not allowed to show his good character; Bul. N. P., 296. And thus, where an information was filed against a defendant under the excise laws, to recover a penalty for his keeping false weights, his good character could not be brought into the evidence; 2 Bos. & Pul., 532, A. In this case, then, the evidence as to character should not have been admitted. But it has been seen on examination of the whole evidence in the case, that the defendant himself first violated the rule by propounding to Avitnesses in Georgia, who were examined by commission, cross-interrogatories, concerning the plaintiff’s character; and that, independent of all evidence as to character, the plaintiff had, by the defendant’s own admission, clearly established his demand, and the defendant had failed to prove his discount. It is not intended to lay down the rule, that the offer of irrelevant testimony on one side, vauII sanction the adduction of opposing testimony of like kind on the other side. But the Court is satisfied that justice has been done, and that the result has not been influenced by the evidence now objected to. The motion is therefore dismissed, and these observations have been made only that this case may not be a precedent for the admission of such evidence in other cases.